UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BALEWA RANDOLF KWALAR,

Petitioner,

v.

Warden, Otay Mesa Detention Center; Secretary of Homeland Security; Attorney General,

Respondents.

Case No.: 3:26-cv-2447-JES-BLM

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Balewa Randolf Kwalar's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. ECF No. 1, ("Pet."). On May 1, 2026, the Court found that Petitioner's due process claim was not yet ripe for adjudication, retained jurisdiction, and Ordered Respondents (the "Government") to file a Status Report by June 30, 2026. ECF No. 6. On June 26, 2026, the Government timely filed its Status Report. ECF No. 7. Having considered the Status Report, the record as a whole, and for the reasons set forth below, the Court **GRANTS IN PART** the Petition and **ORDERS** that Petitioner be afforded an individualized bond hearing.

## I. BACKGROUND

In its May 1st Order, the Court applied the six-factor test set forth in *Banda v. McAleenan* and found that two factors, the conditions of Petitioner's confinement and the likely duration of future detention, weighed in Petitioner's favor, while the remaining factors, including the length of detention then totaling approximately four months, were neutral. 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); ECF No. 6 at 6–7. The Court concluded that Petitioner's claim was not yet ripe, retained jurisdiction, and Ordered Respondents to report on any changed circumstances by June 30, 2026. *Id*. at 7.

The Status Report states that: (1) Petitioner remains detained at Otay Mesa Detention Center ("OMDC"); (2) the BIA issued a briefing schedule on June 2, 2026, granting both parties until June 24, 2026, to submit briefs; and (3) "the projected timeline for resolution of Petitioner's immigration proceedings is unknown." ECF No. 7 at 1; ECF No. 7-1. Respondents have not reported any decision by the BIA. *See generally* ECF No. 7.

Petitioner has been detained since December 26, 2025, a period now exceeding seven months, without ever having received an individualized bond hearing.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

For the sake of judicial economy, the Court chooses not to reiterate the background facts contained in its May 1st Order. *See Kwalar v. Warden, Otay Mesa Detention Center*, No. 3:26-CV-2447-JES-BLM, 2026 WL 1195032, at *1 (S.D. Cal., May 1, 2026), the Court, further, elects to follow the reasoning stated therein and incorporates it by reference. *Id*. at *2-4.

### A. Renewed Application of the Banda Factors Weigh in Favor of a Bond Hearing

As circumstances have changed since the May 1st Order, the Court revisits the *Banda* factors, in light of the Status Report. *Banda,* 385 F. Supp. 3d at 1118 (setting forth factors to determine whether a noncitizen's prolonged detention under 8 U.S.C. § 1225 is unconstitutional: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.").

#### (1) Length of Detention

The first and "the most important factor" weighs in Petitioner's favor. *Id.* Petitioner's detention has since grown to more than seven months. "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Amado v. United States Dep't of Just.*, No. 25-CV-2687-LL (DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025); *see also Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093 (S.D. Cal. Nov. 12, 2025); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025). Petitioner's detention has now surpassed the threshold that was dispositive against him in the May 1st Order, and this factor accordingly weighs in his favor. *Kwalar*, 2026 WL 1195032, at *2-3.

#### (2) Likely Duration of Future Detention

This factor continues to weigh in Petitioner's favor. Petitioner's BIA appeal remains pending, and the Status Report was not due until June 24, 2026—nearly four months after

the appeal was filed. ECF No. 7 at 1; ECF No. 7-1. The Status Report confirms that "the projected timeline for resolution of Petitioner's immigration proceedings is unknown," and a negative BIA decision would likely prompt Petitioner to seek Ninth Circuit review, a process that "may take up to two years or longer." *Banda*, 385 F. Supp. 3d at 1119. If anything, the passage of time since the May 1st Order, without any indication of a resolution date, reinforces this factor's weight in Petitioner's favor.

**(3) Conditions of Detention**

This factor continues to weigh heavily in Petitioner's favor for the reasons already stated in the May 1st Order. *Kwalar*, 2026 WL 1195032, at *2-3. Petitioner remains detained at OMDC, and courts have recognized that OMDC's conditions are "indistinguishable from penal confinement." *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773 (S.D. Cal. 2020); *Amado*, 2025 WL 3079052, at *6. Nothing in the Status Report suggests any changed circumstances here. ECF No. 7 at 1.

**(4) Delays Caused by the Detainee; (5) by the Government; and**

The Status Report does not attribute any delay in the BIA proceedings to either party; the briefing schedule reflects the ordinary course of an administrative appeal. ECF No. 7 at 1; ECF No. 7-1. These factors remain neutral.

**(6) Likelihood of a Final Order of Removal**

This factor remains neutral. Petitioner's BIA appeal, which challenges the IJ's pretermission of his protection applications and the propriety of Uganda as a designated third country of removal, remains pending and unresolved, and the Court is not in a position to assess the merits of that appeal on this record.

In sum, three of the six *Banda* factors now weigh in Petitioner's favor, conditions of confinement, doing so heavily, and the remainder are neutral. Given that Petitioner's detention now exceeds seven months, with no bond hearing and no identifiable end point to his removal proceedings, the Court finds that Petitioner's continued detention without an individualized bond hearing has become unreasonable and violates due process. *Banda*, 385 F. Supp. 3d at 1120.

### B. Bond Hearing Procedures

Because Petitioner's detention under 8 U.S.C. § 1225(b) has become unreasonably prolonged, due process requires that he receive an individualized bond hearing before an IJ. At that hearing, the burden shall rest with the Government to justify Petitioner's continued detention by clear and convincing evidence that he poses a flight risk or a danger to the community. *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** the Petition and **ORDERS** as follows:

(1) Respondents shall provide Petitioner (noncitizen) with an individualized bond hearing before an Immigration Judge within thirty (30) days of the date of this Order;

(2) At the bond hearing, the burden shall be on the Government to establish, by clear and convincing evidence, that Petitioner's continued detention is justified because he poses a flight risk or a danger to the community;

(3) Respondents shall **FILE** a Status Report within seven (7) days of the bond hearing including apprising the Court of the results of the hearing; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 12, 2026

Honorable James E. Simmons Jr.
United States District Judge